IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
(FT. MYERS DIVISION)

JEFFREY HALSTEN,

   Plaintiff,

-VS-

CASE NO.:

TARGET NATIONAL BANK, AS A
WHOLLY OWNED SUBSIDIARY OF
TARGET CORPORATION; and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.

   Defendants.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

3. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6. Plaintiff is an "alleged debtor."

1

7. Defendant, Target National Bank (hereinafter "Target") is a wholly owned subsidiary of Target, and is a corporation and a citizen of the State of South Dakota with its principal place of business at 3901 West 53rd Street Sioux Falls, South Dakota.

8. Defendant, Target, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "Alliance One Receivables Management"

9. Defendant, Target, is a "creditor" as defined by Florida Statute 559.55(3) and 15 U.S.C §1692(a)(4).

10. Defendant, AllianceOne Receivables Management, Inc. (hereinafter "Alliance"), is a corporation and a citizen of the State of Pennsylvania with its principal place of business at 4850 E Street Road, Suite 300, Trevose, Pennsylvania.

11. Defendant Alliance is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

13. Defendants harassed Plaintiff with a barrage of phone calls, in an attempt to collect an outstanding balance on a Target REDcard.

14. Plaintiff does not now, nor ever had a Target REDcard.

15. Defendants, Target and Alliance, intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass. **(See Exhibit A)**

16. In or about March 2012, Plaintiff received a telephone call to his cellular telephone, number (239) 443-6531, from the Defendants in which they requested to speak to a "Carrie

Dooley". Plaintiff immediately informed the Defendant he was not "Carrie," he did not know "Carrie," this number has been his for the past 3 years, and to please not contact him again.

17. The Defendants has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendants, to remove the incorrect number.

18. The Defendants made numerous other automated phone calls to Plaintiff in March 2012, after Plaintiff had informed the Defendants he was not "Carrie".

19. Defendants implied that they believed the Plaintiff was lying, by continuing to incessantly call Plaintiff after Plaintiff's pleas to be placed on the "Do Not Call" List.

20. In or about April 2012, the Plaintiff returned yet another of the Defendants' calls and asked to speak to a supervisor. An agent and or representative for the Defendants came on the line and identified themselves as supervisor. Plaintiff explained that he was getting harassing and unsolicited calls to his cellular phone and has already instructed Defendant to remove his number. The supervisor assured Plaintiff that his number would be removed. Later that same day, Plaintiff received another automated call from Defendant.

21. Plaintiff received approximately thirty (30) calls from Defendants in April 2012.

22. Defendant, Target's, corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

23. Defendant, Target's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

24. Defendant, Target, has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

25. Defendant, Target, has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

3

26. Defendant, Alliance, corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

27. Defendant, Alliance, corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant Alliance has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

29. Defendant Alliance has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

## COUNT I
### (Violation of the FCCPA-BANK)

30. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

31. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

32. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

33. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

34. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

35. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

4

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA-ALLIANCE)

36. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

37. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

38. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

39. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

41. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA-ALLIANCE)

42. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

5

43. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

44. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

46. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

47. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/William Peerce Howard*
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff