**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JEFFREY HALSTEN,

           Plaintiff,

v.                                   Case No:  2:13-cv-287-FtM-38DNF

TARGET NATIONAL BANK and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

           Defendants.

_____/

## ORDER

    This matter comes before the Court on Defendants Target National Bank and AllianceOne Receivables Management, Inc.'s Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc. #10) filed on May 15, 2013.  Plaintiff, Jeffery Halsten, filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. #11) on May 29, 2013. Defendant AllianceOne Receivables Management, Inc. filed its Reply (Doc. #15) on June 6, 2013.  Plaintiff filed his Sur-Reply (Doc. #19) on June 20, 2013.  Thus, the Motion is now ripe for review.

## BACKGROUND

    Plaintiff initiated this action by filing a three-count Complaint (Doc. #1) on April 15, 2013.  The Complaint alleges that Defendants violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"), and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. ("FDCPA"), by harassing Plaintiff with numerous phone calls in an attempt to collect an outstanding balance on a Target REDcard.

Plaintiff, Jeffrey Halsten, is a citizen of Florida.  Defendant Target National Bank ("Target"), as a wholly owned subsidiary of Target Corporation, is a citizen of and has its principal place of business in South Dakota.   Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") is a citizen of and has its principal place of business in Pennsylvania.

The Complaint alleges that Defendants made several telephone calls to Plaintiff in an attempt to collect an outstanding balance on a Target REDcard.  Plaintiff states that he does not now have, nor has he ever had a Target REDcard.  The Complaint alleges that in or about March 2012, Defendants contacted Plaintiff on his cellular phone, requesting to speak to "Carrie Dooley."  Plaintiff states that he informed Defendants that he was not Carrie, did not know Carrie, that this had been his phone number for the past three years, and not to contact him again.  Plaintiff alleges that despite his request, Defendants continued to call him several times throughout March.

Plaintiff asserts that in or about April 2012, he again returned one of Defendants' calls and asked to speak to a supervisor.  The supervisor assured Plaintiff that his number would be removed from the call list.  Nonetheless, Plaintiff alleges that he continued to receive numerous automated phone calls from Defendants in connection with the collection of a debt.   In April 2012, Plaintiff states that he received approximately thirty (30) such calls from Defendants.

On April 15, 2013, Plaintiff filed the instant Complaint against Defendants. Plaintiff brings Counts I and II against Defendant Target and Defendant AllianceOne, respectively, for violations of §§ 559.72(7) and 559.72(9) of the FCCPA.  Plaintiff alleges that Defendants violated Fla. Stat. § 559.72(7) by willfully communicating with

Plaintiff in such a way and with such frequency as can reasonably be expected to harass or abuse Plaintiff.  Additionally, Plaintiff asserts that Defendants violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt despite knowing that the debt is not legitimate.  Finally, Plaintiff alleges that Defendants' actions have caused Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

Plaintiff brings Count III against Defendant AllianceOne for violation of the FDCPA.  Plaintiff alleges that Defendant AllianceOne violated 15 U.S.C. § 1692(d) by willfully engaging in conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.  Count III specifically alleges that Defendant AllianceOne violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.  Plaintiff further alleges that Defendant AllianceOne violated 15 U.S.C. § 1692(e)(2)(a) by attempting to collect from Plaintiff on a debt which he does not owe.  Finally, Plaintiff alleges that Defendant used unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692(f).

Defendants move to dismiss Counts I and II of Plaintiff's Complaint, brought under the FCCPA, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as required by Fed. R. Civ. P. 8.

## DISCUSSION

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds

upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ---- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555-56). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle

them to relief," <u>La Grasta v. First Union Securities, Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004), has been retired by <u>Twombly</u>.  <u>James River Insurance Co.</u>, 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 129 S. Ct. at 1950.  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Bedasee</u>, 2010 WL 98996 at * 1 (citing <u>Neitzke v. Williams</u>, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)); <u>Brown v. Crawford County</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In ruling on a Rule 12(b)(6) motion, the court focuses principally on the complaint, but may also consider documents attached to a pleading.  <u>See</u> Fed. R. Civ. P. 10(c).  The Court has considered the Complaint, to which one exhibit was attached. Thus, the Court may properly consider Exhibit 1 to the Complaint.  Fed. R. Civ. P. 10(c).

With regard to Defendant Target, Plaintiff has brought Count I for violation of the FCCPA.  In Count II, Plaintiff alleges identical violations with respect to Defendant AllianceOne.  Defendants attack these Counts based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has not alleged facts that he is a "debtor" under the FCCPA, and because only a debtor has standing to bring a suit under the FCCPA, Plaintiff therefore lacks standing to pursue his claims in Counts I and II.

A plaintiff must have standing to pursue a claim.  Standing has both constitutional and prudential requirements.  <u>Johnson v. Ocwen Loan Servicing</u>, 374 F. App'x. 868, 873 (11th Cir. 2010).  To satisfy constitutional standing, "a plaintiff must demonstrate:

(1) that she has suffered injury in fact; (2) that the injury is fairly traceable to the actions of the defendant; and (3) that the injury is likely to be redressed by a favorable decision." Id. (citing Bennett v. Spear, 520 U.S. 154, 162, 117 S. Ct. 1154, 1161, 137 L. Ed. 2d 281 (1997)).  In addition to the constitutional limits on standing, prudential limits provide that:

> (1) the plaintiff must assert her own rights and interests and may not rely on the rights and interests of others; (2) the federal courts will not adjudicate 'abstract questions of wide public significance' amounting to 'generalized grievances,' which are more appropriately resolved by the legislative branches; and (3) the plaintiff's complaint must fall within the 'zone of interests' to be protected by the statute in question.

Id. Defendants argue that Plaintiff lacks standing to bring its FCCPA claims because he is not a "debtor" within the meaning of Fla. Stat. § 559.55, and therefore, Plaintiff's Complaint does not fall within the zone of interest protected by the statute.

## I.       Plaintiff's Standing Pursuant to Fla. Stat. § 559.72(7) (Counts I and II)

The Complaint alleges that Defendants violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency and in such manner as can reasonably be expected to abuse or harass Plaintiff.  Fla. Stat. § 559.77(1) provides that "[a] debtor may bring a civil action against a person violating the provisions of [§] 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred."  Fla. Stat. § 559.55 defines a "debtor" as "any natural person obligated or allegedly obligated to pay any debt." Courts have interpreted this language to mean that "not only is the actual debtor protected under the Act, 'an alleged debtor is [also] protected by the Act from the prohibited practices set forth in [subsection 559.72].'" Campanale v. Capital One Services, LLC, No: 8:11-cv-2490-T35-EAJ, at *4 (M.D. Fla. June 5, 2012) (unreported)

(citing <u>Desmond v. Accounts Receivable Management, Inc.</u>, 72 So. 3d 179, 181 (Fla. Dist. Ct. App. 2011)); <u>see</u> <u>also</u> <u>Fini v. Dish Network, LLC</u>, No: 6:12-cv-690-ORL-22TBS, at *15 (M.D. Fla. Mar. 6, 2013) (unreported).

Defendants argue that Plaintiff is not an alleged debtor because Plaintiff was not the person named in the telephone calls.  The Court disagrees.  In <u>Fini</u>, the plaintiff received telephone calls from the defendant in connection with the collection of a debt although the plaintiff was never a customer of the defendant.  <u>Fini</u>, No: 6:12-cv-690-ORL-22TBS, at *15 (M.D. Fla. Mar. 6, 2013).  In that case, the defendant argued that the plaintiff could not have been an "alleged debtor" because neither party actually believed that the plaintiff was obligated to pay the debt.  The court found that "the question is not whether Defendant thought [Plaintiff] was obligated to pay the debt; rather, it is whether Defendant communicated to the called party that she was obligated." <u>Id.</u>

Similarly, in the instant case, it is undisputed that Plaintiff is not the actual debtor; nevertheless, Plaintiff asserts that he is an alleged debtor within the meaning of Fla. Stat. § 559.55 because he received at least thirty (30) calls from Defendants in an attempt to collect an outstanding balance on a Target REDcard.  (Doc. #1, ¶ 21).  The Complaint alleges that the calls were for "Carrie Dooley," not Plaintiff, and that on multiple occasions, Plaintiff called Defendants and informed them that he was not "Carrie" and did not know "Carrie." (<u>Id.</u> at ¶ 16).  Plaintiff alleges that during one of these calls to Defendants, a supervisor informed Plaintiff that his telephone number would be removed from the call list. (<u>Id.</u> at ¶ 20).  Nonetheless, the Complaint alleges that Defendants continued to call Plaintiff in connection with the outstanding balancing

on a Target REDcard.  (Id. at ¶¶ 20-21).  Plaintiff further alleges that Defendants implied that they believed Plaintiff was lying by continuing to call him, thereby implying that Plaintiff was responsible for the debt.  (Id. at ¶ 19).  Based upon these allegations, the Court finds that Plaintiff has alleged sufficient facts to support his argument that he is an "alleged debtor" with standing to bring a claim against Defendants under Fla. Stat. § 559.72(7).

Thus, Plaintiff has alleged sufficient facts to state a claim against Defendants pursuant to Fla. Stat. § 559.72(7).  Consequently, Defendants' Motion to Dismiss with respect to Plaintiff's claims under Fla. Stat. § 559.72(7) is denied.

## II.   Plaintiff's Standing Pursuant to Fla. Stat. § 559.72(9) (Counts I and II)

Defendants also argue that Plaintiff does not have standing to pursue a cause of action under Fla. Stat. § 559.72(9) because Plaintiff does not owe Defendant any debt. Plaintiff asserts that the language of § 559.72(9) foresees that an individual that does not owe money may state a claim under that section, and therefore, even if Plaintiff is not an alleged debtor with respect to § 559.72(7), Plaintiff has standing to bring his claims under § 559.72(9) against both Defendants.  The Court agrees.  The starting point in statutory interpretation is the language of the statute itself.  Warshauer v. Solis, 577 F.3d 1330, 1335 (11th Cir. 2009).  If the language at issue is plain, then the Court must enforce it as written, giving due regard to all its words and parts.  Id.  The Court is not free to ignore words or impart on the statute a meaning not there appearing.  See Albritton v. Cagle's, Inc., 508 F.3d 1012, 1017 (11th Cir. 2007) ("We are not empowered to rewrite statutes.").

The language of § 559.72(9) states that a debt collector shall not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The language of the statute foresees that the person against whom a debt is claimed is not the actual debtor. Thus, a person who is not the actual debtor has standing to pursue a claim under this section, provided that he or she has alleged that the debt collector had actual knowledge that the debt is not legitimate. Bryant v. Credit Adjustments, Inc., No: 10-61009-CIV, 2011 WL 902009, at *3 (S.D. Fla. Mar. 14, 2011) (granting the defendant's motion for summary judgment because the plaintiff presented no evidence that the defendant had actual knowledge that the debt was illegitimate). In the instant case, Plaintiff alleges that Defendants continued to call him multiple times in connection with the collection of an outstanding balance on a Target REDcard, despite Plaintiff repeatedly informing Defendants that he was not the party that Defendants were attempting to contact. (Doc. #1, ¶¶ 13, 15, 16, 18-22). Thus, Plaintiff alleges that Defendants had actual knowledge that the debt was not legitimate, but continued to call him anyway. As such, Plaintiff alleges sufficient facts to state a claim under Fla. Stat. § 559.72(9). Accordingly, Defendants' Motion to Dismiss with respect to claims brought under § 559.72(9) is denied.

Accordingly, it is now

**ORDERED:**

(1) Defendants   Target   National   Bank   and   AllianceOne   Receivables Management, Inc.'s Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc. #10) is **DENIED**.

(2) Defendants   are   **directed**   to   file   an   answer   to   Plaintiff's   Complaint   within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record