IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
(FT. MYERS DIVISION)

JEFFREY HALSTEN,

    **Plaintiff,**

-VS-

TARGET NATIONAL BANK, AS A     CASE NO.: 2:13-CV-287-FTM-38DNF
WHOLLY OWNED SUBSIDIARY OF
TARGET CORPORATION; and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.

    **Defendants.**
_____/

## AMENDED COMPLAINT

1.    Plaintiff alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

3.    The alleged violations described in the Complaint occurred in Lee County, Florida.

### FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6.    Plaintiff is an "alleged debtor."



1

7.  Defendant, Target National Bank (hereinafter "Target") is a wholly owned subsidiary of Target, and is a corporation and a citizen of the State of South Dakota with its principal place of business at 3901 West 53rd Street Sioux Falls, South Dakota.

8.  Defendant, Target, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "Alliance One Receivables Management"

9.  Defendant, Target, is a "creditor" as defined by Florida Statute 559.55(3) and 15 U.S.C §1692(a)(4).

10. Defendant, AllianceOne Receivables Management, Inc. (hereinafter "Alliance"), is a corporation and a citizen of the State of Pennsylvania with its principal place of business at 4850 E Street Road, Suite 300, Trevose, Pennsylvania.

11. Defendant Alliance is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

13. Defendants harassed Plaintiff with a barrage of phone calls, in an attempt to collect an outstanding balance on a Target REDcard.

14. Plaintiff does not now, nor ever had a Target REDcard.

15. Defendants, Target and Alliance, intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass. **(See Exhibit A)**

16. In or about March 2012, Plaintiff received a telephone call to his cellular telephone, number (239) 443-6531, from the Defendants in which they requested to speak to a "Carrie

2

Dooley". Plaintiff immediately informed the Defendant he was not "Carrie," he did not know "Carrie," this number has been his for the past 3 years, and to please not contact him again.

17. The Defendants has a corporate policy to use an automatic telephone dialing system, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendants, to remove the incorrect number.

18. The Defendants made numerous other automated phone calls to Plaintiff in March 2012, after Plaintiff had informed the Defendants he was not "Carrie".

19. On or about April 16, 2012, Defendant called Plaintiff's cellular telephone and requested to speak with "Carrie." Plaintiff informed the Defendant that they had "the wrong number."

20. Despite being informed that they had the wrong number, Defendant placed calls to the Plaintiff on April 17, 2012, April 18, 2012 and April 19, 2012.

21. On or about April 19, 2012, Plaintiff answered Defendant's second call to his cellular telephone. Plaintiff, again, informed the Defendant, "This is Jeff. You have the wrong number. This is like the fifth time this number has called me […] My name is Jeff and there is no one else here, but Jeff, OK?" Defendant confirmed they had dialed, 239-443-6531, and hung up the phone.

22. Despite the April 19, 2012 conversation, Defendant called Plaintiff's cellular telephone 239-443-6531 on April 20, 2012, April 21, 2012, April 23, 2012, and April 24, 2012.

23. On or about April 24, 2012, Plaintiff answered Defendant's second call to his cellular telephone. Plaintiff told the Defendant's representative, who requested "Carrie Dooley" that the number, 239-443-6531, "had been [his] number for about 3 years now" and "there is no Carrie Dooley at this number." Defendant apologized and promised to "remove [his] number immediately."

24. Despite the April 24, 2012 conversation, and promise to remove Plaintiff's number, Defendant again called Plaintiff cell phone on April 25, 2012.

25. On or about April 25, 2012, Plaintiff answered Defendant's call, informed the caller there was no Carrie Dooley at that number, and requested to speak to a supervisor. An agent and or representative for the Defendants, "Demetri" came on the line and identified themselves as supervisor. Plaintiff explained to the supervisor

> "... I keep getting calls from this number, like 4 to 5 times a day. And each day I do answer this number and tell the person that Carrie Dooley is not here, does not have this number anymore. I have had this number, now, for about 4 years. And, Carrie dooley is not at this number, I know I have also got a few calls for Justin Dooley,.. at this number also... but its my number now. And there is no Carrie Dooley, no Justin Dooley, no one by the name Dooley at this number. My name is Jeff Halsten, and I do not know who these people are. Again I have had this number for almost 4 years now. And I keep getting calls. And everyone tells me they will take this number off of that name, but I keep getting the calls. So I need to talk with somebody that actually can get this number off."

The supervisor apologized and acknowledged that Plaintiff must be a "bit frustrated at this time." The supervisor assured the Plaintiff that "as I am talking to you at this moment I am actually taking this number from our database. And I do hope that this matter does not occur anymore because I know that this is actually a violation."

26. Despite the April 26, 2012 conversation with Supervisor Demetri, Plaintiff received another call from Defendants later the same day; and again on more than one occasion on April 27 and April 28, as well as on April 29 and April 30th,

27. Defendants implied that they believed the Plaintiff was lying, by continuing to incessantly call Plaintiff after Plaintiff's pleas to be placed on the "Do Not Call" List.

28. Plaintiff received approximately thirty (30) calls from Defendants in April 2012.

29. Defendant, Target's, corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

4

30. Defendant, Target's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

31. Defendant, Target, has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32. Defendant, Target, has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

33. Defendant, Alliance, corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

34. Defendant, Alliance, corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

35. Defendant Alliance has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

36. Defendant Alliance has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

## COUNT I
### (Violation of the FCCPA-BANK)

37. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

38. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

40. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA-ALLIANCE)

43. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

44. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

46. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA-ALLIANCE)

49. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

50. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

51. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

53. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

54. Defendant has violated 15 U.S.C. §1692(e)(11) by failing to disclose in the initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector.

55. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

56.     Defendant has violated 15 U.S.C. §1692(g) by failing, within five days after the initial communication with a consumer in connection with the collection of any debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Amanda J. Allen*
**William Peerce Howard, Esquire**
Florida Bar #: 0103330
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
aallen@forthepeople.com
*Attorneys for Plaintiff*

**SNAP SHOT TIMELINE WEEK OF APRIL 23, 2012**

|    | Date       | Time     | Number       |
|----|------------|----------|--------------|
| 1  | 4/23/2012  | 1:36 PM  | 888-274-0160 |
| 2  | 4/23/2012  | 3:06 PM  | 888-274-0160 |
| 3  | 4/24/2012  | 8:50 AM  | 888-274-0160 |
| 4  | 4/24/2012  | 2:51 PM  | 888-274-0160 |
| 5  | 4/25/2012  | 8:41 AM  | 888-274-0160 |
| 6  | 4/25/2012  | 11:41 AM | 888-274-0160 |
| 7  | 4/26/2012  | 8:49 AM  | 888-274-0160 |
| 8  | 4/27/2012  | 8:56 AM  | 888-274-0160 |
| 9  | 4/27/2012  | 12:24 PM | 888-274-0160 |
| 10 | 4/28/2012  | 1:00 PM  | 888-274-0160 |
| 11 | 4/29/2012  | 2:03 PM  | 888-274-0160 |
| 12 | 4/30/2012  | 9:01 AM  | 888-274-0160 |

*this log serves as a one week representation of
calls received and does not demonstrate each and every call.



EXHIBIT "A-1"